# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:23-cr-0074 |
| ) | |
| **EMMA VANESSA DILONE,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**BEFORE THE COURT** is Defendant Emma Vanessa Dilone's ("Dilone") Unopposed Motion to Continue Trial. (ECF No. 68.) For the reasons stated herein, the Court will continue the trial in this matter until December 9, 2024. The Court finds that the time beginning from the date of this Order through December 9, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated.

On October 2, 2023, the Government filed a Criminal Complaint charging Dilone with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a). On November 1, 2023, the Government filed an Information charging Dilone with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. Dilone was arraigned on November 15, 2023.

Dilone seeks a continuance because the Court granted her motion to suppress statements at the evidentiary hearing held on July 17, 2024, and, in light of the Court's ruling, counsel needs additional time to investigate, negotiate a plea and, if necessary, prepare adequately for trial. Dilone filed an application and checklist for speedy trial extension, waiving her right to speedy trial up to and including December 15, 2024. (ECF No. 67.)

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

*United States v. Dilone*
Case No. 3:23-cr-0074
Order
Page **2** of **3**

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Sodano*, 592 F. App'x 114, 116 (3d Cir. 2014) (affirming the district court's grant of "no less than four continuances for purposes of plea negotiating").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow additional time for Dilone to conduct plea negotiations and adequately prepare for trial. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through December 9, 2004, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Dilone's Unopposed Motion to Continue Trial, ECF No. 68, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than November 27, 2024; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than November 27, 2024, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; (e) proposed non-standard jury instructions related to the elements of the charges and defenses; and (f) whether there are any discovery issues outstanding; it is further

*United States v. Dilone*
Case No. 3:23-cr-0074
Order
Page **3** of **3**

      **ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than December 4, 2024;[1] and it is further

      **ORDERED** that the Jury Selection and Trial in this matter previously scheduled for August 12, 2024, are **CONTINUED** to commence promptly at 9:00 A.M. on December 9, 2024, in St. Thomas Courtroom 1.

**Dated:** July 23, 2024                   */s/ Robert A. Molloy*
                                                                             **ROBERT A. MOLLOY**
                                                                              **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.